IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> <br> v. <br> <br> CITY OF HAZLETON; THE HAZLETON CITY COUNCIL; AND JEFF CUSAT, in his official capacity as Mayor of the City of Hazleton, <br> <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF <br> <br> CASE NO. 3:25-CV-45 <br> <br> MEHALCHICK, J. |

## DEFENDANTS' MOTION TO DISMISS

Defendants, the City of Hazleton ("City"), the Hazleton City Council ("City Council"), and Mayor Jeff Cusat ("Mr. Cusat" or "Mayor") (collectively, "Defendants"), by and through their undersigned counsel, move to dismiss the complaint, filed by the United States of America ("Plaintiff") through the U.S. Department of Justice ("DOJ"), pursuant to Federal Rule of Civil Procedure 12(b)(6). In support, Defendants state the following:

1. Plaintiff filed this lawsuit on January 7, 2025 alleging that Defendants violated Section 2 of the Voting Rights Act ("VRA") by maintaining an at-large voting system to elect city council members. (See Doc. 1, generally.)

2. On January 8, 2025, Defendants waived service of summons (Doc. 5).

3.     Accordingly, Defendants' initial response to the complaint (Doc. 1) is due on or before March 10, 2025.

4.     Defendants move to dismiss the complaint, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6).

5.     A motion to dismiss should be granted unless the complaint "has facial plausibility" and pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 550 U.S. 544, 556 (2007)).

6.     A district court is not bound to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. A pleading must provide "more than an unadorned, the defendant-unlawfully-harmed-me-accusation," Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555), and should be dismissed if it offers little more than "labels and conclusions" that equal a rote "formulaic recitation of legal elements." Twombly, 550 U.S. at 555.

7.     A court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97, 99, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). The key component to this analysis, therefore, is to look at what was actually alleged in the pleadings. Id.

8. Importantly, the court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. California Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004)(citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

9. Defendants will comply with Local Rule 7.5 and file a comprehensive brief in support of their motion to dismiss Plaintiff's complaint. For reasons more fully detailed in their comprehensive brief in support, Plaintiff's complaint must be dismissed in its entirety.

WHEREFORE, Defendants respectfully request that this Honorable Court grant their motion in its entirety as well as award all other relief that the court deems just and proper.

Respectfully submitted,

/s/ Drew P. McLaughlin
Drew P. McLaughlin
I.D. No. 324430
John G. Dean
I.D. No. 76168
**Elliott Greenleaf & Dean, P.C.**
15 Public Square
Suite 210
Wilkes-Barre, PA 18701

DATED: March 10, 2025

/s/ Sean W. Logsdon
Sean W. Logsdon
I.D. No. 93096
85 Drasher Road
Drums, PA 18222

## CERTIFICATE OF SERVICE

I, Drew P. McLaughlin, hereby caused to be served on this day a true and correct copy of the foregoing motion upon all counsel of record via ECF as follows:

Michael J. Butler, Esq.
Civil Rights Coordinator
1501 N. 6th Street
Box 202
Harrisburg, PA 17102

R. Tamar Hagler, Esq.
John "Bert" Russ, IV, Esq.
Bruce I. Gear, Esq.
Tharuni A. Jayaraman, Esq.
Zachary A. Newkirk, Esq.
U.S. Department of Justice
Voting Section, Civil Rights Division
950 Pennsylvania Avenue NW
4CON 8th Floor
Washington, D.C. 20530

*/s Drew P. McLaughlin*
Drew P. McLaughlin

Date: March 10, 2025